6  UNION PACIFIC RAILROAD COMPANY

8  **UNITED STATES DISTRICT COURT**

9  **EASTERN DISTRICT OF CALIFORNIA**

10

11  DAVID CHAD GLOW,                                    No. 2:08-cv-01250 LKK EFB

12              Plaintiff,

                                                   **MEMORANDUM OF POINTS**
13      vs.                                        **AND AUTHORITIES IN**
                                                   **SUPPORT OF DEFENDANT'S**
14  UNION PACIFIC RAILROAD COMPANY and             **MOTION FOR SUMMARY**
    DOES 1 through 20, Inclusive,                  **JUDGMENT AND/OR**
15                                                 **SUMMARY ADJUDICATION**
              Defendants.
16
                                                   Date: August 17, 2009
17                                                 Time: 10:00 a.m.
                                                   Courtroom: 4
18                                                 Judge: Hon. Lawrence K. Karlton

19  _____/

20

21

III.    LEGAL STANDARD ................................. 3

IV.    ARGUMENT ..................................... 4

    A. Plaintiff's Second Cause Of Action Fails Because Plaintiff

    Cannot Establish A Violation Of The Locomotive Inspection Act ....... 4

        1. Plaintiff Cannot Sustain An LIA Claim On The Basis

        Of A Faulty Speedometer ................................. 4

        2. Plaintiff Cannot Base His LIA Claim On The Absence Of

        A Head Rest Or Other Support On The Engineer's Seat ......... 5

        3. Plaintiff Cannot Prevail On His LIA Claim In The Absence

        Of Proof That The Supposed Defects Were Dangerous .......... 5

    B. Plaintiff's First Cause Of Action (FELA) Cannot Be Premised

    On Either The Seat Design Or The Condition Of The Speedometer ...... 6

    C. Plaintiff's Third Claim For Violation Of Disability Discrimination

    And Failure To Accommodate Under The California Fair Employment

    And Housing Act Is Superseded By The FELA ..................... 8

        1. The FELA Is The Sole And Exclusive Remedy For Injured

2. Plaintiff Was Not Discriminated Against . . . . . . . . . . . . . . . . . . . . 12

3. Union Pacific Did Not Fail To Provide A Reasonable
Accommodation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

i. Plaintiff Was Working Without Restrictions,
And Therefore His Request Was Not A
Request For "Reasonable Accommodation" . . . . . . 14

ii. Even If A Employee Who Is Working Without
Restrictions Can Request A Reasonable
Accommodation, Plaintiff's Request Was Not
Reasonable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

V. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

6    *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

7    *Cheasapeke & Ohio Ry. Co. v. Stapleton,* 279 U.S. 587,590 . . . . . . . . . . . . . . . . . . 9, 10

8    *English v. General Electric Co.,* 496 US 72, 879 (1990) . . . . . . . . . . . . . . . . . . . . . . . 11

9    *Erie R.R. Co. V. Winfield,* 244 U.S. 170, 172 (1917) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

10    *Marshal v. Burlington Northern, Inc.,* 720 F.2d.1149 (9th Cir. 1983) . . . . . . . . . . . . . 5

11    *Miciotto v. Brown,* 2003 U.S. Dist. LEXIS 17940 (E.D. La. 2003) . . . . . . . . . . . . . . . 6

12    *Michigan Cent. R.R. Co. v. Vreeland,* 227 U.S. 59 (1912) . . . . . . . . . . . . . . . . . . . . . . 9

13    *Munns v. CSX,* 2009 U.S. Dist Lexis 30394 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

14    *Napier v. Atlantic Coast Line Railroad Co.,* 272 US 605 (1926) . . . . . . . . . . . . . . . . . 11

15    *New York Cent. & Hudson River R.R. Co. v. Tonsellito,* 244 U.S. 360 (1917) . . . . . . . . . . . . . 9

16    *Norfolk So. Ry. v. Sorrell,* ____ U.S. ____, 127 S. Ct. 799 (2007) . . . . . . . . . . . . . . . . . . . . . . 6

17    *Norfolk Southern Railway Co. v. Shanklin,* 529 US 344 (2000) . . . . . . . . . . . . . . . . . 11

18    *Oglesby v. Southern Pacific Transp. Co.,* 6 F.3d 603 (9th Cir. 1993) . . . . . . . . . . . . . . . . . 5

19    *Sindoni v. Conrail,* 4 F.Supp.2d 358 (M.D. Penn. 358) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

20    *Waymire v. Norfolk & Western Ry. Co.,* 218 F.3d 773 (7th Cir. 2000) . . . . . . . . . . . . . . . . 7,8

21    *Wildman v. Burlington N. R.R.Co.,* 825 F.2d 1392 (9th Cir. 1987) . . . . . . . . . . . . . . . . 9

**Federal Statutes**

45 U.S.C. § 51 et seq. ......................................................... 1, 6

49 U.S.C. § 20101 et seq. ...................................................... 7

49 U.S.C. § 20701 et seq. ................................................... 1, 4, 5

**Other Federal Authorities**

49 C.F.R. § 229.117 ......................................................... 5, 8

49 C.F.R. § 229.119(a) ..................................................... 11, 14

Fed. R. Civ. P. 56(d)(1) ....................................................... 3

**State Statutes**

Cal. Gov't Code § 12900 et seq. ............................................... 1

Cal. Gov't Code § 12926(k) ................................................... 9

Cal. Gov't Code § 12940(m) .................................................. 13

6    The two matters have been consolidated for trial at the request of the parties.  In the second of

7    the two cases, plaintiff alleges violation of the Federal Employers' Liability Act ("FELA"), 45

8    U.S.C. § 51 et seq., violation of the Locomotive Inspection Act ("LIA"), 49 U.S.C. § 20701 et

9    seq., and violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't

10    Code § 12900 et seq.

11        Defendant Union Pacific now moves for summary judgment or summary adjudication

12    with respect to each of plaintiff's claims.

13    **II.**      **FACTUAL BACKGROUND**

14        ***A.***      ***Plaintiff's Request For "Reasonable Accommodation"***

15        Plaintiff's complaint alleges that on or about July 30, 2007, he requested a "reasonable

16    accommodation for work."  Motooka Decl., Exh. A: Compl. at ¶ 23.  The undisputed facts are

17    that on June 8, 2007, following a medical leave, plaintiff was cleared to return to work without

18    restrictions. UMF No. 1. Subsequently, plaintiff sent Union Pacific's General Superintendent

19    Ray Perry a cryptic note dated July 25, 2007, which appeared to be handwritten on a

20    prescription pad, stating:

21

           Reasonable accommodation

6 | Sweet, who informed plaintiff that his apparent request for a special type of locomotive seat

7 | was not feasible, because it would require Union Pacific to modify over 8000 locomotives.

8 | UMF No. 5. Instead, Union Pacific offered to purchase a McCarty's Sacro Ease Neck Ease or a

9 | McCarty's Sacro Ease Deluxe seat support for plaintiff, to be used by him on any locomotive to

10 | which he is assigned. UMF No. 6. Plaintiff wrote in response, asking for additional

11 | information on the McCarty products. UMF No. 7. Union Pacific wrote back, referring

12 | plaintiff to McCarty's website for additional product information. UMF No. 8. Plaintiff made

13 | no further communications to Union Pacific regarding his request for modified seating. UMF

14 | No. 9.

15 | ### B.    The Incident Of September 14/15, 2007

16 | On September 14, 2007, plaintiff was assigned as a locomotive engineer to a train

17 | traveling in interstate commerce from Portola, California to Elko, Nevada. UMF No. 10.

18 | After plaintiff took control of the train, he noticed that the needle of the speedometer would

19 | start to bounce when the train speed reached approximately 50 m.p.h. UMF No. 11.

20 | Plaintiff knew how to calculate the train's speed using his watch and the mile markers.

21 | UMF No. 12. Union Pacific had trained him to be able to do so. UMF No. 13. Plaintiff had a

6    permanent injuries to his neck. Cregger Decl., Exh. A: Compl. at ¶¶ 5-6. At the time of this

7    alleged injury, plaintiff was working as a locomotive engineer without restrictions. UMF No.

8    20.

9    **III.    LEGAL STANDARD**

10    Summary judgment is proper "if the pleadings, depositions, answers to interrogatories,

11    and admission on file, together with the affidavits, if any, show that there is no genuine issue as

12    to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.

13    R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party,

14    however, need not support its motion with affidavits or other similar materials *negating* the

15    opponent's claims. *Id.* Summary judgment should be entered against the party who fails to

16    make a showing sufficient to establish the existence of an element essential to that party's case,

17    and on which that party will bear the burden of proof at trial. *Id.* "In such a situation, there can

18    be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an

19    essential element of the nonmoving party's case necessarily renders all other facts immaterial."

20    *Id.* at 322-23. " [T]here is no issue for trial unless there is sufficient evidence favoring the

21    nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*,

6  **IV.    ARGUMENT**

7          Plaintiff's claims in this action focus on two purported deficiencies in the locomotive

8  that allegedly caused his injuries.  The first is that a malfunctioning speedometer caused him to

9  look constantly over his shoulder at a second working speedometer, and that this physical effort

10  aggravated a previous neck injury or caused a new injury.  The second source of claimed injury

11  is that the seat in the locomotive, which plaintiff claims was "not adequate" to protect him from

12  the "injury causing potential of the usual shocks, jolts and vibrations customarily experienced

13  on moving locomotive engines."  Cregger Decl., Exh. A:  Compl. at ¶ 12.

14          ***A.    Plaintiff's Second Cause Of Action Fails Because Plaintiff Cannot Establish***
           ***A Violation Of The Locomotive Inspection Act***

15

16          **1.    Plaintiff Cannot Sustain an LIA Claim On The Basis Of A Faulty**
           **Speedometer**

17          Pursuant to the LIA, Title 49 of the Code of Federal Regulations sets forth various

18  regulations promulgated by the Secretary of Transportation that regulate the rail industry.  The

19  requirements regarding speed indicators on locomotives are set forth at 49 C.F.R. § 229.117.  It

20  provides:

21
              (a) After December 31, 1980, each locomotive used as a controlling

6

Rev. Of Other Support On The Engineer's Seat

7    It has been consistently held throughout both federal and state jurisprudence interpreting

8    the LIA that a carrier cannot be liable under the Act for a failure to have equipment on a

9    locomotive that is not mandated by the Act or the regulations promulgated thereunder. *Marshal*

10   *v. Burlington Northern, Inc.*, 720 F.2d.1149 (9th Cir. 1983). The only requirements regarding

11   locomotive seating set out in the Act or any of the many regulations are found at 49 C.F.R. §

12   229.119 (a), which requires only that seating be "securely mounted and braced." There being

13   no requirements with respect to seat construction, there is no viable claim under the LIA based

14   on allegations that a seat did not provide proper support.

15           **3.     Plaintiff Cannot Prevail On His LIA Claim In The Absence Of Proof**
16                    **That The Supposed Defects Were Dangerous**

17       The LIA provides that a railroad may only operate a locomotive when its parts and

18   appurtenances "are in proper condition and safe to operate without unnecessary danger of

19   personal injury." 49 U.S.C. § 20701(1). The Ninth Circuit has held that a plaintiff must not

20   only prove that the part or appurtenance in question was not functioning properly, but must also

21   show that it posed a threat of personal injury. *Oglesby v. Southern Pacific Transp. Co.*, 6 F.3d

better support, there is no plausible scenario that the seat design, in and of itself, constituted a danger.

**B.      Plaintiff's First Cause Of Action (FELA) Cannot Be Premised On Either The Seat Design Or The Condition Of The Speedometer**

To prevail on an FELA claim, plaintiff must establish negligence on the part of his or her employer. *Norfolk So. Ry. v. Sorrell*, ___ U.S. ___, 127 S.Ct. 799 (2007).  In the absence of statutory abrogation, an action under the FELA utilizes the common law principles of negligence, to include duty, breach, and causation.  On the issue of duty, it has been held that where the Federal Railroad Administration ("FRA") regulations issued pursuant to the LIA do not require a particular piece of equipment, an injured worker cannot rely upon the absence of such equipment to form a foundation for a negligence cause of action under the FELA.

For example in *Sindoni v. Conrail*, 4 F. Supp.2d 358, 364-365 (M.D. Penn. 358), the court held that where the railroad established that the FRA regulations did not require seatbelts or cushioning within the cab, plaintiff could not maintain an FELA action based on their absence.  Similarly instructive is *Miciotto v. Brown*, 2003 U.S. Dist. LEXIS 17940 (E.D. La.

> unlawful, and liability for consequences follows a violation of the Act. It is a well established rule that a master is not bound to furnish the latest or best tools or appliances for the use of his servants. That rule is applicable here, and we hold the defendant was not liable for failure to furnish the best mechanical contrivances and inventions or to discard appliances upon discovery of later improvements, provided that the boiler in proper condition was safe to operate, as required by the statute.

*Groeger*, 266 U.S. at 528-29. In essence, as discussed in *Miciotto* and *Sindoni*, the Supreme Court has held that where a railroad complies with the requirements of the LIA, it is under no duty to provide equipment not mandated and therefore, plaintiff's FELA claim, based in negligence, must fail, there being no duty to provide equipment not mandated by statute.

In addition to the cases finding that there is no duty actionable under the FELA where a railroad complies with the requirements of the LIA, a growing number of courts have applied federal preemption as a basis for precluding FELA claims in the interest of promoting the goal of "national uniformity," set forth in the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20101 et seq. These courts have held that the FELA has been superseded where the FRA has issued regulations covering the subject matter of the claim. The lead case is *Waymire v. Norfolk & Western Ry. Co.*, 218 F.3d 773 (7th Cir. 2000), which precluded FELA claims based

regulations promulgated thereunder.

More recently, in *Munn v. CSX*, 2009 U.S. Dist. Lexis 30824, *12-13 (N.D. Ohio), the district court, relying upon a decision by the Sixth Circuit in *Nickels v. Grand Trunk Western Railroad*, Inc.____F.3d____, 2009 U.S. App. Lexis 5746 at *17, held that both the LIA and the FRSA preempted plaintiffs' FELA claim based on inadequate seat design. To the extent that plaintiff's FELA claim in the present case is based on an inadequate seat design, his cause of action is preempted, or, more properly, precluded, by both the LIA and FRSA.

Likewise, plaintiff in the present case cannot establish an FELA violation based on a supposed LIA violation involving the malfunctioning speedometer. FRA rules require only that locomotives be equipped with a working speed indicator that is clearly readable "from the engineer's normal position." 49 C.F.R. § 229.117(a)(2). Plaintiff admits that there was a working speedometer in the rear panel, which he was able to see from his engineer's seat. UMF Nos. 16 & 17.

Defendant request summary adjudication in its favor regarding plaintiff's FELA claims based on inadequate seat design and the faulty speedometer.

6 | while working for Union Pacific, an interstate railroad carrier. Cregger Decl., Exh.A: Compl. at

7 | ¶¶ 3, 24. FELA, therefore, is the exclusive remedy for plaintiff's claim. He cannot state a

8 | claim under the California FEHA.

9

### 1.    The FELA Is The Sole And Exclusive Remedy For Injured Employees Of Railroad Carriers Engaged In Interstate Commerce

10

11 | It is well-settled law that the FELA provides the sole and exclusive remedy for injured

12 | employees of railroad carriers engaged in interstate commerce. *See Erie R.R. Co. v. Winfield,*

13 | 244 U.S. 170, 172 (1917) (stating the FELA is intended to operate uniformly in all the states,

14 | and is both paramount and exclusive); *Wildman v. Burlington N. R.R. Co.*, 825 F.2d 1392, 1395

15 | (9th Cir. 1987). The FELA occupies the field of railroad liability for employees injured while

16 | engaged in interstate commerce, superseding all legislation over the same subject by the states.

17 | *Michigan Cent. R.R. Co. v. Vreeland*, 227 U.S. 59, 66 (1912), *Cheasapeake & Ohio Ry. Co. v.*

18 | *Stapleton*, 279 U.S. 587, 590 (1929 (citing *Chicago, Milwaukee & St. Paul Ry. v. Coogan*, 271

19 | U.S. 472, 474 (1926)). Comprehensive and exclusive, the FELA can neither be extended nor

20 | abridged by common or statutory laws of a state. *See New York Cent. & Hudson River R.R. Co.*

21 | *v. Tonsellito*, 244 U.S. 360, 361-62 (1917).

6  legal theory, however, is not available to plaintiff, because his remedy for such injuries is

7  limited to the FELA.

8       Nor can plaintiff rely on the California FEHA to establish negligence against the

9  railroad under the FELA. In *Chesapeake & Ohio Railway Co. v. Stapleton,* 279 U.S. at 588, a

10  fifteen-year-old boy in Kentucky was injured while working on a railroad in interstate

11  commerce. At the time of the injury, Kentucky state law prohibited children under sixteen from

12  working on any railroad. *Id.* At issue before the Court was whether a violation of this

13  Kentucky state law constituted negligence *per se*, or negligence at all, under the FELA. *Id.* at

14  589-90, 593. The Court ruled that such state laws have no bearing on the civil liability of a

15  railroad to its employees under the FELA. *Id.* at 597.

16       Plaintiff's personal injury claim against Union Pacific must be litigated under the

17  FELA, without regard the California FEHA. Because plaintiff fails to state a claim under the

18  California FEHA, defendant requests that summary adjudication be granted in its favor with

19  respect to plaintiff's Third Cause of Action.

20

21       **D.    *In The Alternative, Plaintiff's Third Cause Of Action Is Preempted By The FRSA And The LIA***

the absence of an express preemption provision, the Supreme Court has held that the LIA occupies the entire field of locomotive safety. *Napier v. Atlantic Coast Line Railroad Company* 272 U.S. 605, 611, 613 (1926). In such an instance, application of state law on a subject covered by the federal law is preempted; the effect is sometimes referred to as "field preemption," referring to a situation where the federal law has effectively subsumed the entirety of the subject matter in question. *English v. General Electric Co.* 496 U.S. 72, 79 (1990).

As discussed above, regulations promulgated pursuant to the LIA contain specific requirements regarding locomotive seating. Such seating is to be "securely mounted and braced." 49 C.F.R. § 229.119 (a). These are the only requirements imposed, and to allow, through the vehicle of a state law claim, a plaintiff to require a railroad to utilize a particular type of seat, or else to be subject to monetary damages, would substitute a determination made under that state law for the regulations already promulgated by the FRA. Additionally, it would do damage to the FRSA's goal of achieving national uniformity in railroad regulation.

For these reasons, defendant seeks summary adjudication that plaintiff's claim under the FEHA, related to the type of seat he was using while acting as an engineer for Union Pacific, is preempted.

## 1. Plaintiff Was Not Disabled

Plaintiff's complaint alleges that on or about July 31, 2007, plaintiff informed defendant's General Superintendent Ray Perry of plaintiff's work restrictions and requested a reasonable accommodation. Compl. at ¶ 23. It is undisputed, however, that plaintiff was working without restrictions from the time he was released back to work in June 2007, until the time of the alleged injury in September. UMF Nos. 1 & 20.

In order to proceed as a physically disabled person under the statute, plaintiff must demonstrate that his impairment makes "difficult" the achievement of work or some other major life activity. *Gelfo v. Lockheed Martin Corp.*, 140 Cal.App.4th 34, 47 (Cal. Ct. App. 2006). Plaintiff had no such difficulties, as indicated by the fact that he was working without restrictions until the alleged injury in September 2007. *Id.* at 48-49 (where plaintiff had testified that he no longer required medical restrictions, defendant employer owed no duty to provide a reasonable accommodation under FEHA). Defendant owes no duty to provide a reasonable accommodation to an employee who is not disabled. *Id.* at 39, 48-49.

## 2. Plaintiff Was Not Discriminated Against

"disabled." In addition, plaintiff cannot establish that he suffered adverse employment action.

His complaint does not even allege that any adverse action took place. Because he cannot point to any adverse action against him, he also cannot suggest the presence of a discriminatory motive. Plaintiff was not discriminated against.

### 3. Union Pacific Did Not Fail To Provide A Reasonable Accommodation

FEHA also imposes on the employer an obligation to make reasonable accommodation for a known physical or mental disability of an employee, unless the accommodation would produce undue hardship to the employer's operation. Gov't Code § 12940(m). A "reasonable accommodation" means "a modification or adjustment to the workplace that enables the employee to perform the essential functions of the job held or desired." *Scotch*, 173 Cal.App.4th at 1010 (citing *Nadaf-Rahrov v. Neiman Marcus Group, Inc.*, 166 Cal.App.4th 952, 975-76 (Cal. Ct. App. 2008)).

Union Pacific did not fail to provide a reasonable accommodation. The elements of a failure to accommodate claim are 1) plaintiff has a disability under FEHA, 2) plaintiff is

provide a reasonable accommodation to an employee who is not disabled. *Gelfo,* 140

Cal.App.4th at 59, 46-49. In other words, while plaintiff may have made a request to Union

Pacific, he did not request a "reasonable accommodation" as defined under the statute. *Scotch,*

173 Cal.App.4th at 1012 (a proposed accommodation is not reasonable if it is not necessary to

enable the employee to perform the essential functions of his position).

### ii. Even If A Employee Who Is Working Without Restrictions Can Request A Reasonable Accommodation, Plaintiff's Request Was Not Reasonable

Even if an employee who is working without restrictions can request a reasonable

accommodation, plaintiff's request was not reasonable.   Plaintiff was not assigned to a single

locomotive, or even to a limited pool of locomotives. Rather, plaintiff's job required him to

operate whichever locomotive was traveling the road when plaintiff was called to duty. UMF

No. 3.  Union Pacific has over 8000 locomotives, any one of which plaintiff might be called on

to operate. UMF No. 4. Plaintiff's request for a modified seat was, effectively, a request that

Union Pacific retrofit potentially all of its more than 8000 locomotives, with seats that exceed

federal safety requirements.  49 C.F.R. § 229.119(a).  Therefore, Union Pacific offered to

6 | employee. Rather, the employer has the discretion to choose between effective

7 | accommodations; an employee cannot make his employer provide a specific accommodation if

8 | another reasonable accommodation is provided instead. *Wilson v. County of Orange*, 169

9 | Cal.App.4th 1185, 1194 (Cal. Ct. App. 2009).   The undisputed facts are that Union Pacific

10 | explained to plaintiff that it was not feasible to modify all of its thousand of locomotives, but

11 | offered instead to provide him with a removable seat insert.  Plaintiff asked for further

12 | information on the proposed seat insert, then never rejected the offer.  UMF Nos. 8 & 9.  If the

13 | interactive process broke down, it was because of plaintiff's failure to respond.  Under these

14 | facts, Union Pacific is entitled to summary adjudication finding that Union Pacific did not fail

15 | to reasonably accommodate plaintiff.

16 | **V.    CONCLUSION**

17 |

18 | For the foregoing reasons, defendant Union Pacific Railroad respectfully requests that

the Court grant summary adjudication as to the following:  1) that defendant did not violate the

19 | LIA, 2) that plaintiff cannot premise an FELA claim based on the faulty speedometer, 3) that

20 | plaintiff cannot premise an FELA claim based on seat design, and 4) that plaintiff's California

21 | FEHA claim fails.  Should the Court find summary adjudication as to each of these issues,

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21