**GANONG LAW OFFICE**
930 Truxtun Avenue, Suite 203
P. O. Box 192 (93302)
Bakersfield, California 93301
Telephone 661.327.3337
Facsimile 661.327.3395

Philip W. Ganong, SBN 88414

Attorneys for Plaintiff DAVID CHAD GLOW

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| DAVID CHAD GLOW, | Case No. 2:08-CV-01250-LKK-EFB |
|---|---|
| Plaintiff, | |
| vs. | PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED MATERIAL FACTS IN SUPPORT OF OPPOSITION TO DEFENDANT UPRC'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION |
| UNION PACIFIC RAILROAD COMPANY and DOES 1 through 20, inclusive, | |
| Defendants. | Date:        August 17, 2009<br>Time:       10:00 a.m. |
| AND CONSOLIDATED RELATED ACTION. | Courtroom: 4<br>Judge:      Hon. Lawrence K. Karlton |

Plaintiff David Chad Glow in the above-captioned action submits his Separate Statement of Disputed Material Facts in Opposition to the Separate Statement of Undisputed Material Facts of defendant Union Pacific Railroad Company.

| DMF # | Disputed Material Fact | Supporting Evidence |
|---|---|---|
| 1 | Plaintiff's treating doctor Jerome Schofferman provided medical progress reports to defendant's Superintendent of the Roseville Service Unit, Ray Perry from 6-7-07 through 9-15-07 the date of plaintiff's injury. | Schofferman Dec. ¶¶3,4,6, Exs. 1,2,4. |

-1-

| | | |
|---|---|---|
| 2 | Plaintiff's treating doctor Jerome Schofferman faxed a medical progress report from his clinic, SpineCare, to Union Pacific's Superintendent Ray Perry, on or about 7-25-07, explaining the need to provide plaintiff with an accommodation for his fused neck. | Schofferman Dec. ¶4, Ex. 2. |
| 3 | Plaintiff's treating doctor Jerome Schofferman faxed a medical progress report from his clinic, SpineCare, to Union Pacific's Superintendent Ray Perry, on or about 9-11-07 explaining the need to provide plaintiff with an accommodation for a reduced work schedule. Schofferman Dec., §6, Ex. 4. | Schofferman Dec. ¶6, Ex. 4. |
| 4 | Union Pacific had been put on notice as of 7-30-07 plaintiff Glow required accommodation for his cervical spine condition. | Glow Dec. ¶3, Ex. 2; Schofferman Dec. ¶¶4,5, Exs. 3,4. |
| 5 | Union Pacific took no action to accommodate plaintiff's cervical spine condition despite Dr. Schofferman's notification and request until after plaintiff's injury of 9-15-07. | Sweet Dec. ¶5, Exs. A, B. |
| 6 | Plaintiff had already suffered injury to his neck from his September 14-15, 2007 work duties on a run from Portola to Elko well before Union Pacific responded to plaintiff's and Dr. Schofferman's request for accommodation on 10-23-2007. | Ganong Dec. ¶3, Ex. 2; Glow Depo. 58/17-22; Sweet Dec. ¶5, Exs. A,B. |
| 7 | Plaintiff was assigned to operate a locomotive with a bad order speedometer at the engineer's counsel after Union Pacific received two medical reports and a prescription from Dr. Schofferman requesting accommodation and limiting the frequency and type of work plaintiff could do because of the medical condition of plaintiff's fused cervical spine. | See Dec. of Ganong, ¶4, Ex. 8 (Plaintiff's RFA 9 &17 and Defendant's response to RFA 9 &17); Schofferman Dec. ¶6, Ex. 4. |

-2-

| 8 | The locomotive plaintiff was assigned to operate on September 14-15, 2007, after Union Pacific received two medical reports from Dr. Schofferman and a prescription requesting accommodation and limiting the frequency and type of work plaintiff could do because of the medical condition of plaintiff's fused cervical spine, had a badly maintained seat at the engineer's counsel. | Schofferman Dec. ¶¶4, 5, 6, Exs. 2,3 4; Ganong Dec. ¶ 3, Ex. 3; Glow Depo. 41/1-17. |
|---|---|---|
| 9 | The repeated posture of plaintiff's head and rotated neck to view the speed indicator, coupled with the looseness of the seat and plaintiff's fusion of the cervical spine,. was more likely than not a medical case of injury to plaintiff's cervical spine during the September 14-15 train run. | Reynolds Dec. ¶3, Ex. 1. |
| 10 | Plaintiff could not clearly read the speed indicator from the engineer's normal position under all light conditions. | Ganong Dec. ¶3, Ex. 4; Glow Depo.31/24-25; 32/1-25; 33/1-21. |
| 11 | The repeated posture of plaintiff's head and rotated neck, coupled with the looseness of seat and plaintiff's fusion of the cervical spine would, within a reasonable degree of biomechanical certainty, have placed dynamic stresses on the cervical discs below and above the fused vertebrae to place Plaintiff at risk of cervical disc injury. | Francis Dec. ¶5. |
| 12 | Plaintiff was unable to read the GPS speed indicator from his normal position. His seat would not freely swivel to view the speed indicator on the rear electrical panel behind his head. In addition, he had to turn his head and look over his shoulder to monitor the speed. | Ganong Dec. ¶3, Ex. 4; Glow Depo.31/24-25; 32/1-25; 33/1-21. |
| 13 | Plaintiff had surgery to his cervical spine on 12/06/2007 to treat damage from the November 2003 incident. | Reynolds Dec. ¶1, Ex. 1, pg. 2, ¶¶2 & 3. |
| 14 | The bad order speedometers were located at the engineer's console and overhead of the conductor's console, both looking forward out the locomotive cab. | Ganong Dec. ¶3, Ex.7; Glow Depo. 30/14-23. |

| 15 | Plaintiff was to take the train to Elko, Nevada to be relieved. | Ganong Dec., ¶3, Ex. 8. |
|----|-----------------------------------------------------------------|--------------------------|
| 16 | The General Code of Operating Rules which govern defendant required the engineer Glow relieved to immediately report the malfunctioning speedometer to the defendant's dispatcher. | Ganong Dec. ¶4, Ex. 9. |

Dated: July 31, 2009.                     **GANONG LAW OFFICE**

                                          By: /s/ Philip W. Ganong
                                              Philip W. Ganong
                                              Attorneys for Plaintiff David Chad Glow

-4-