RANDOLPH CREGGER & CHALFANT LLP
THOMAS A. CREGGER, State Bar No. 124402
STEPHANIE L. QUINN. State Bar No. 216655
WENDY MOTOOKA, State Bar No. 233589
1030 G Street
Sacramento, CA 95814
Phone: 916.443-4443
Fax: 916.443-2124

Attorneys for Defendant/Counter-Defendant
UNION PACIFIC RAILROAD COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHAD GLOW,<br><br>    Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY and DOES 1 through 20, Inclusive,<br><br>    Defendants. | No. 2:08-cv-01250<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**<br><br>Date: August 17, 2009<br>Time: 10:00 a.m.<br>Courtroom: 4<br>Judge: Hon. Lawrence K. Karlton |

Defendant agrees that there is a triable issue as to whether the locomotive seat was properly maintained. Defendant requests, however, that the remainder of plaintiff's claims be summarily adjudicated in defendant's favor, pursuant to Rule 56(d)(1), for the reasons stated below.

**I.   ONLY THE SEAT CONDITION, NOT THE SEAT DESIGN, IS AT ISSUE IN PLAINTIFF'S FELA AND LIA CLAIMS**

While plaintiff's complaint alleges that "the engineer's seat back was loose, unstable and arm rests were unsafe for the Plaintiff," and that "the locomotive engine seat on which Plaintiff

RANDOLPH CREGGER &
CHALFANT LLP
1030 G St.
Sacramento, CA 95814
(916) 443-4443

REPLY ISO MSJ/MSA
Case No. 2:08-cv-01250 LKK EFB

- 1 -

work and rode, unreasonably endangered Plaintiff in that the seat was not adequate to protect Plaintiff from the injury causing potential of the usual shocks, jolts and vibrations customarily experienced on moving locomotive engines," plaintiff in his opposition now concedes that his claims are not based on the adequacy of the seat's design – e.g., whether it had armrests, a headrest, cushioning, or motion-dampening properties, etc. – but rather only on the condition of the seat. Pl.'s Opp'n at 3: 25 to 5: 12. *See Munns v. CSX Transp., Inc.*, 579 F. Supp. 2d 924, 933 (N.D. Ohio 2008) (no liability under the LIA for failure to install arm rests, seat padding, back supports, or the ability to recline or adjust the seat, because such items are not integral or essential components of a locomotive). Plaintiff's opposition clarifies that he "has never claimed the seat was defective because of a design flaw and does not do so now"; instead, he limits his claim to the contention that the seat was negligently maintained. Pl.'s Opp'n at 5: 3-5.

As plaintiff's FELA and LIA claims with respect to the locomotive seat are limited solely to the issue of whether the seat was properly maintained, not whether its design was adequate to protect plaintiff from injury, defendant is entitled to a ruling precluding any claim based on seat design at the time of trial.

## II. PLAINTIFF CANNOT PREVAIL ON HIS FELA AND LIA CLAIMS BASED ON THE SPEEDOMETER, BECAUSE THE LIA REQUIRES A SHOWING THAT THE DEFECT WAS DANGEROUS

To prevail in an LIA claim, plaintiff must establish not only that a part or appurtenance was malfunctioning, but also that it was unsafe. *Oglesby v. Southern Pacific Transp. Co.*, 6 F.3d 603, 610 (9th Cir. 1993). Plaintiff's claims with respect to the speedometer fail to meet either of these requirements.

### A. *There Was A Working Speedometer In The Locomotive Cab*

The Federal Railroad Administration ("FRA") regulations require that a controlling locomotive be equipped with an accurate speed indicator that is clearly readable from the engineer's normal position. 49 C.F.R. § 229.117(a). Plaintiff's opposition does not dispute that there was a working speed indicator in the locomotive's rear panel, and that plaintiff was able to see this speed indicator from his engineer's seat. UMF Nos. 16 & 17. Therefore, there was no

RANDOLPH CREGGER &
CHALFANT LLP
1030 G St.
Sacramento, CA 95814
(916) 443-4443

REPLY ISO MSJ/MSA
Case No. 2:08-cv-01250 LKK EFB

- 2 -

LIA violation.

### B. No LIA Liability Attaches In The Absence Of Proof That The Supposed Defect Was Dangerous

No liability attaches under the LIA unless a part or appurtenance is both defective and dangerous. *Oglesby*, 6 F.3d at 610; *Green v. River Terminal Ry. Co.*, 763 F.2d 805, 810 (6th Cir. 1985) (the defective appliance must be itself an efficient cause of or the instrumentality through which the injury is directly brought about). The faulty speedometer was not dangerous, and was not the instrumentality through which plaintiff's injury was brought about. Plaintiff's own expert traces plaintiff's injury to "the repeated abnormal posture of Plaintiff's rotated head and neck," a posture that was not caused by the faulty speedometer, but rather by plaintiff's own frequently repeated election to glance at the rear speedometer every thirty seconds throughout a ten-hour period, when he could have used his watch and the mile markers to monitor the train's speed instead. Decl. of Peter R. Francis in Support of Pl.'s Opp'n at ¶ 5; No. 9; UMF No. 18-19. It is undisputed that plaintiff could have monitored the train's speed using his watch and the mileposts, and that Union Pacific even provides its engineers with a "Table of Train Speeds" to assist them in this practice. UMF Nos. 12, 14 & 15. Plaintiff therefore could have monitored the train's speed without once looking back at the rear panel. The faulty speedometer was not the instrumentality that brought about plaintiff's alleged injury.

## III. PLAINTIFF HAS NO CLAIM UNDER THE CALIFORNIA FEHA

### A. The FELA Is Plaintiff's Sole And Exclusive Remedy For The Injury Alleged

Plaintiff has failed to address defendant's argument that the FELA is the sole and exclusive remedy for injured employees of railroad carriers engaged in interstate commerce. *See Chesapeake & Ohio Ry. Co. v. Stapleton*, 279 U.S. 587, 590 (1929), *Erie. R.R. Co. v. Winfield*, 244 U.S. 170, 172 (1917), *New York Cent. & Hudson River R.R. Co. v. Tonsellito*, 244 U.S. 360, 361-62 (1917), *Michigan Cent. R.R. Co. v. Vreeland*, 227 U.S. 59, 66 (1912), *Wildman v. Burlington N. R.R. Co.*, 825 F.2d 1392, 1395 (9th Cir. 1987). Instead, plaintiff focuses entirely on making an irrelevant argument about the relationship between the Railway Labor Act ("RLA"), 45 U.S.C. § 151 et seq., and the California FEHA, as they apply to cases in which a

RANDOLPH CREGGER & CHALFANT LLP
1030 G St.
Sacramento, CA 95814
(916) 443-4443

REPLY ISO MSJ/MSA
Case No. 2:08-cv-01250 LKK EFB

- 3 -

plaintiff has alleged discriminatory discharge. Pl.'s Opp'n at 8: 12 to 9: 24. Plaintiff's RLA argument is entirely inapposite, for no RLA claim has been made in this case.

This case is a personal injury case, not an employment case. Plaintiff's complaint does not invoke California's FEHA to remedy an alleged discriminatory discharge or other adverse employment action. Rather, plaintiff's FEHA claim alleges that "Plaintiff was caused to suffer a new physical injury to his neck, as a result of Defendant's failure to reasonably accommodate his disability." Compl. at ¶ 24, attached to the Declaration of Thomas A. Cregger in Support of Defs.' MSJ/MSA ("Cregger Decl."). Plaintiff's allegations put his claim squarely within the FELA, and outside of the California FEHA, for he is complaining that he sustained a personal injury while working for a railroad carrier engaged in interstate commerce.

### B. The FRSA And LIA Preempt Plaintiff's California FEHA Claim

Plaintiff's California FEHA claim is not a complaint that Union Pacific discriminated against him, but rather that Union Pacific failed to provide him with the ergonomic locomotive operator chair that he had requested. Plaintiff therefore seeks to invoke the FEHA to require Union Pacific to install a specific type of equipment on its locomotives. California's FEHA cannot be used in this manner because of the express and broad preemptive provisions of the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20101 et seq., whose purpose is to promote national uniformity in laws related to railroad safety. 49 U.S.C. § 20106; *Norfolk S. Ry. Co. v. Shanklin*, 529 U.S. 344, 358-59 (2000). Even in the absence of this express preemption provision, the United States Supreme Court has held that the LIA occupies the entire field of locomotive safety. *Napier v. Atlantic Coast Line R.R. Co.*, 272 U.S. 605, 611, 613 (1926). State statutes that seek to place additional requirements on locomotives are preempted. *Id.;see also Springston v. Consolidated Rail Corp.*, 863 F. Supp. 535, 541 (N.D. Ohio 1994) (stating that regardless of a state statute's purpose, the state statute is preempted if it seeks to regulate equipment on locomotives). The LIA has already spoken to what the requirements are for locomotive seating. 49 C.F.R. § 229.119(a). Preemption therefore prevents plaintiff from using California's FEHA to require Union Pacific to install ergonomic seating for him in the locomotive. Plaintiff has offered no authority to the contrary.

RANDOLPH CREGGER & CHALFANT LLP
1030 G St.
Sacramento, CA 95814
(916) 443-4443

REPLY ISO MSJ/MSA
Case No. 2:08-cv-01250 LKK EFB

- 4 -

### C. *In The Alternative, Defendant Did Not Violate The FEHA*

As defendant argued at length in its moving papers, defendant did not violate the California FEHA. Plaintiff testified at deposition that he was working without restrictions at the time of the alleged injury. UMF No. 20. He now points to the medical progress reports of his physician Dr. Jerome Schofferman to argue that his physician had placed him on work restrictions. Specifically, plaintiff cites to Dr. Schofferman's patient evaluations of July 25, 2007 and September 11, 2007. Pl.'s Response to Defs.' UMF No. 20. Yet none of these evaluations support plaintiff's allegation that Union Pacific was required to provide him with special locomotive seating. In his evaluation of July 25, 2007, Dr. Schofferman explicitly states that he will let plaintiff "continue working without such a seat for up to 60 days." *See* Declaration of Jerome Schofferman in Support of Pl.s' Opp'n ("Schofferman Decl."), Exh. 2 at 2. Likewise, in his evaluation of September 11, 2007, Dr. Schofferman again medically clears plaintiff to work without special seating, provided that plaintiff's work schedule can meet certain requirements: "In the absence of ergonomic seating, I now limit Mr. Glow to six round trips in 15 days work periods, plus no switch engines, plus he can do multiple 'dog catches' runs." Schofferman Decl., Exh. 4.

Plaintiff's evidence does not indicate *when* Dr. Schofferman conveyed this evaluation to Union Pacific, i.e., whether it was faxed to Union Pacific before or after the injury alleged in the complaint. The evaluation itself is dated September 11, 2007, indicating that it can have been sent to Union Pacific no earlier than that same date, which would have been just three days prior to the alleged injury on September 14. Plaintiff nowhere alleges that he was made to work more than six roundtrips in the 15 days following September 11, 2007, nor he is alleging that he was made to work switch engines. In short, while plaintiff now contends that he was working with restrictions on September 14, 2007, he does not and cannot allege that Union Pacific was in any way violating those purported restrictions on that date.

Fundamentally, plaintiff misunderstands what and whom the FEHA protects. Pursuant to the FEHA, it is an unlawful employment practice for an employer to discriminate against a person in the terms, conditions or privileges of employment, because of physical or mental disability.

RANDOLPH CREGGER &
CHALFANT LLP
1030 G St.
Sacramento, CA 95814
(916) 443-4443

REPLY ISO MSJ/MSA
Case No. 2:08-cv-01250 LKK EFB

- 5 -

Cal. Gov't Code § 12940(a). Yet plaintiff cannot show that Union Pacific discriminated against him, because he cannot show that he suffered an adverse employment action. *Scotch v. The Art Institute of California*, 173 Cal.App.4th 986, 1004 (Cal. Ct. App. 2009) (stating the elements of a *prima facie* discrimination claim). Nor can plaintiff show that he was a member of a protected class, another element necessary to an FEHA claim, because he cannot demonstrate that his impairment makes "difficult" the achievement of work or some other major life activity. *Gelfo v. Lockheed Martin Corp.*, 140 Cal.App.4th 34, 47 (Cal. Ct. App. 2006). Plaintiff had no such difficulties, as evidenced by the fact that his doctor released him to work without restrictions, then determined as recently as three days prior the alleged injury that plaintiff could continue to work as a locomotive engineer without any special seating. *See* Schofferman Decl., Exh. 4.

Plaintiff's purported FEHA claim amounts to no more than an assertion that because plaintiff and his physician believed that he would have been more comfortable, and possibly safer, sitting in a different kind of locomotive seat, and because Union Pacific did not provide him with this seat, therefore Union Pacific discriminated against him. As a matter of law, this allegation does not amount to a claim of discrimination. If anything, it is an allegation that Union Pacific failed to reasonably accommodate plaintiff. Yet the FEHA does not require an employer to provide a reasonable accommodation to an employee who is not disabled. *Gelfo*, 140 Cal.App.4th at 39, 48-49. Stated differently, no accommodation that plaintiff requested would be deemed reasonable under the FEHA, because an accommodation is not reasonable unless it is necessary to enable the employee to perform the essential functions of his position. *Scotch*, 173 Cal.App.4th at 1012. Plaintiff in this case required no accommodation to perform the essential functions of his job, because, as his doctor has reported, plaintiff was able to perform those functions unassisted.

Plaintiff's FEHA claim must fail, because plaintiff cannot establish that he was disabled as defined by the FEHA, or that he was discriminated against, or that Union Pacific failed to provide him with a reasonable accommodation.

## IV. CONCLUSION

For the foregoing reasons, defendant requests that the Court grant summary adjudication

RANDOLPH CREGGER &
CHALFANT LLP
1030 G St.
Sacramento, CA 95814
(916) 443-4443

REPLY ISO MSJ/MSA
Case No. 2:08-cv-01250 LKK EFB

- 6 -

as to the following issues:  1) that plaintiff cannot premise an LIA or FELA claim based on the design of the locomotive seat; 2) that the faulty speedometer did not constitute an LIA or FELA violation; and 3) that plaintiff has no valid claim under the California FEHA.

Dated:  August 10, 2009                    RANDOLPH CREGGER & CHALFANT LLP


     /s/ Wendy Motooka
WENDY MOTOOKA
Attorneys for Defendant
UNION PACIFIC RAILROAD COMPANY

RANDOLPH CREGGER &
CHALFANT LLP
1030 G St.
Sacramento, CA 95814
(916) 443-1443

REPLY ISO MSJ/MSA
Case No.  2:08-cv-01250 LKK EFB

- 7 -