**GANONG LAW OFFICE**
930 Truxtun Avenue, Suite 203
P. O. Box 192 (93302)
Bakersfield, California 93301
Telephone 661.327.3337
Facsimile 661.327.3395

Philip W. Ganong, SBN 88414
Alisyn J. Palla, SBN 236192

Attorneys for Plaintiff DAVID CHAD GLOW

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHAD GLOW,<br><br>    Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY and DOES 1 through 20, inclusive,<br><br>    Defendants.<br><br>AND CONSOLIDATED RELATED ACTION. | Case No. 2:08-CV-01250-LKK-EFB<br><br>PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE OF PREVIOUSLY FILED MOTIONS IN LIMINE AND ORDER THEREON<br><br>Date:        January 25, 2010<br>Time:       10:00 a.m.<br>Courtroom: 4<br><br>TRIAL DATE:   February 23, 2010 |

Plaintiff David Chad Glow, by and through his attorneys, hereby requests the Court to take judicial notice pursuant to Federal Rule of Evidence 201 of facts and copies of court records, as follows:

1.   Fact:

   1.1   Record: A copy of Plaintiff's Motion in Limine No. 1 (Defendants' Should be Precluded from Making any Mention in Front of the Jury through Argument or Attempts to Introduce Evidence that Defendant Redmond Acted in Self Defense or Was Provoked), filed on October 30, 2006 as Court Document No. 59, attached as Exhibit A and by this reference made a part hereof.

2.   Fact:

   2.1   Record: A copy of Plaintiff's Motion in Limine No. 2 (Defendants Should be Precluded from Making any Mention in Front of the Jury Through Argument or Attempts to Introduce

Evidence that Plaintiff has Tattoos, Suggestions Regarding the Meaning of the Tattoos, References to the Hell's Angeles), filed on October 30, 2006 as Court Document No. 59, attached as Exhibit B and by this reference made a part hereof.

3. Fact:

    3.1    Record: A copy of Plaintiff's Motion in Limine No. 3 (Defendants Should be Precluded from Making any Mention in Front of the Jury Through Argument or Attempts to Introduce Evidence of the "Furman Defense", i.e., Prior to November 3, 2003, Has Plaintiff Ever Used the "N" Word), filed on October 30, 2006 as Court Document No. 59, attached as Exhibit C and by this reference made a part hereof.

4. Fact:

    4.1    Record: A copy of Plaintiff's Motion in Limine No. 4 (Defendants Should be Precluded from Making any Mention in Front of the Jury Through Argument or Attempts to Introduce Evidence of Plaintiff's Previous Marital & Dependent Status), filed on October 30, 2006 as Court Document No. 59, attached as Exhibit C and by this reference made a part hereof.

5. Fact:

    5.1    Record: A copy of Plaintiff's Motion in Limine No. 5 (Defendant Redmond Should be Precluded from Making any Mention in Front of the Jury Through Argument or Attempts to Introduce Evidence That the Railroad Has Refused to Defend or Indemnify Him for This Lawsuit, The Cost of the Lawsuit, That He Was in Pro Per Status During the early Phase of the Litigation and His Financial Condition, and Defendant Redmond's First CounterClaim Should be bifurcated), filed on October 30, 2006 as Court Document No. 59, attached as Exhibit D and by this reference made a part hereof.

6. Fact:

    6.1    Record: A copy of Plaintiff's Motion in Limine No. 6 (Defendants Should be Precluded from Making any Mention in Front of the Jury Through Argument or Attempts to Introduce Evidence That Plaintiff Had Used Anabolic Steroids, Had Abused Alcohol, Had Been Injured in a Weightlifting Accident or Other Recreational Activities), filed on October 30, 2006 as Court Document No. 59, attached as Exhibit E and by this reference made a part hereof.

1  7.  Fact:

2  7.1  Record: A copy of Plaintiff's Motion in Limine No. 7 (Defendants Should be Precluded from Making any Mention in Front of the Jury Through Argument or Attempts to Introduce Evidence That Plaintiff Had Prior Surgery on His Left Shoulder and Gallbladder), filed on October 30, 2006 as Court Document No. 61, attached as Exhibit F and by this reference made a part hereof.

8.  Fact:

8.1  Record: A copy of Plaintiff's Motion in Limine No. 8 (Defendants Should be Precluded from Making any Mention in Front of the Jury Through Argument or Attempts to Introduce Evidence of Collateral Source, Including That Union Pacific Paid For Any of the Medical Bills Arising Out of the Treatment Given to Plaintiff for the Injuries Which are the Subject of this Litigation or Provided Advances to Plaintiff), filed on October 30, 2006 as Court Document No. 61, attached as Exhibit G and by this reference made a part hereof.

9.  Fact:

9.1  Record: A copy of Plaintiff's Motion in Limine No. 9 (Defendants Should be Precluded from Making any Mention in Front of the Jury Through Argument or Attempts to Introduce Evidence of Plaintiff's Prior Wrongful Termination Action Against Union Pacific), filed on October 30, 2006 as Court Document No. 61, attached as Exhibit H and by this reference made a part hereof.

10.  Fact:

10.1  Record: A copy of Civil Minutes, Judge Maxine M. Chesney, dated November 14, 2006, ruling on Motion(s) in Limine, attached as Exhibit I and by this reference made a part hereof.

Dated: December 14, 2009.          **GANONG LAW OFFICE**

By /s/ Philip W. Ganong
Philip W. Ganong/Alisyn J. Palla
Attorneys for Plaintiff

S:\FELA\Glow #2\MIL's\12-8-09 Plt.'s Req. for Judicial Notice of MIL 1-9.wpd